WILLIAM TINDALL v. JOHN D. McINTYRE AND DAVID L. McINTYRE.

1. It is not error to admit a merchant's day-book in evidence, where it appears that he also kept a ledger, which is not produced.

2. The copy of an account against two partners, which had been filed as an off-set in a former suit against the defendant by one of them, is admissible evidence in a suit by both partners to show that the defendant at that time claimed less to be due to him. What is sufficient comparing to verify a sworn copy ?

On *certiorari* to Mercer pleas.

Argued before Justices POTTS and ELMER, by Mr. *Beasley*, for plaintiff, and Mr. *S. R. Hamilton*, for defendant.

POTTS, J.　On the trial of the appeal in this case, the appellants, who were plaintiffs in the court below, having proved their day-book, or book of original entries, in the usual way, offered it in evidence to support the charges in their state of demand, as they had done without objection in the justice's court.　But it having come out, in the cross-examination of the witnesses, that they had another book besides this day-book, a ledger, in which one witness had seen credits, and said, " they (the appellants) do not give credit in their day-book, but in their ledger ;" the appellee, Tindall, objected to this day-book being received in evidence without the production of the ledger.　The court overruled the objection and admitted the book ; and this is the first reason for reversal urged.

There was no error in this. The appellee did not prove enough. The mere fact that the McIntyres had a ledger amounted to nothing without showing that it had some connection with this account, or at least with this day-book.　Were any accounts in this day-book posted in that ledger ? or any credits belonging to these accounts entered there ?　Was any part of Tindall's account there ?　*Quod non apparet non est.*　Where a party, on the trial of an appeal, seeks to exclude important evidence without objection in the court below, it is right to hold him to the strictest rules.　If the objection had been made

below it might have been met by the production of the ledger. But it was not made until the trial of the appeal, where the book could not be offered in evidence to meet the objection, where the same and no other documents, proofs, and witnesses as were produced below are admissible.

The next reason for reversal is, that the court permitted the appellees to give in evidence a paper purporting to be a copy of a set-off filed by the appellant in a former suit brought by John D. McIntyre against the appellant in a justice's court.

It appears that previous to this suit brought by the firm of John D. and David L. McIntyre against Tindall, John D. had brought an action against him, and Tindall in that suit had filed a set-off against the members of the firm much less in amount than that which he filed in this suit, and the McIntyres offered a copy of this first set-off in evidence to impugn the fairness and truth of the second. The first objection to it was, that it was not proved to be a correct copy.

The witness produced to prove it swore, on his examination in chief, that " it was a true copy." In his cross-examination he said, " the copy was made by my nephew ; it is in his hand-writing ; I compared it with the original after he copied it, and squire Ruton and he compared it ; I was by and heard them ; I think it was read over four times by them ; part of the time while they compared the papers I looked on the original set-off with squire Ruton, but I did not read it all through ; part of the time I looked on the copy read by my nephew, but I did not look on until it was read entirely through ; I can't say that I saw every word, either in the original or the copy ; I heard them read though ; it was all done in my presence."

If I understand this evidence, the witness testified that the paper was a true copy of the original, and that he compared it after it was copied : at all events, as the evidence stands in the state of the case, I cannot say that the common pleas did wrong in admitting it. We cannot reverse for this cause, unless there is *manifest* error.

It was objected, in the second place, that the whole record

should have been produced.   But there is nothing in this.   The object of the evidence was to prove the isolated fact, that the appellant had, on a former occasion, claimed  that a less amount was due him than he now demanded, and this was sufficient for that object.

Let the judgment be affirmed.

ELMER, J., concurred.